Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

In the Matter of the Search of
*(Briefly Describe the property to be searched or identify the person by name and address)*

Red in Color, 2010 Chevrolet HHR 4 door hatchback, VIN 3GNBABDB3AS560612, bearing AZ license plate VTA7AWA

Case No. 23-8053MB

## SEARCH AND SEIZURE WARRANT

To:  Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of __Arizona__.
(identify the person or describe the property to be searched and give its location):

**As further described in Attachment A.**

The person or property to be searched, described above, is believed to conceal (identify the person or describe the property to be seized):

**As set forth in Attachment B.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

YOU ARE COMMANDED to execute this warrant on or before __2-27-23__.
(not to exceed 14 days)

☒ in the daytime 6:00 a.m. to 10 p.m.
☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the United States Magistrate Judge on duty.

__in AZ.__
(name)

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized (check the appropriate box)    ☐ for 30 days (not to exceed 30)
☐ until, the facts justifying, the later specific date of _____.

Date and time issued: __2/13/23 @ 11:47 A.M.__        __[signature]__
                                                                                                Judge's signature

City and State: __Phoenix, Arizona__        __Honorable John Z. Boyle, U.S. Magistrate Judge__
                                                                                        Printed name and title

# Attachment A

## Property to be searched

**Vehicle:** Red in Color 2010 Chevrolet HHR 4 door hatchback, VIN 3GNBABDB3AS560612, bearing AZ license plate VTA7AWA

**Location of vehicle:** FBI Evidence Bay located at 21711 N 7th St Phoenix, AZ 85024





# ATTACHMENT B

## ITEMS TO BE SEIZED

Evidence in the form of:

1. Firearms or other deadly weapons. Ammunition and/or components used in the manufacture of ammunition to include spent shell casings, gun powder, primers, and bullets. Holsters, cases, or boxes used to carry or transport firearms or ammunition, and or any receipts or photographs detailing the purchase or ownership of any of the aforementioned items;

2. DNA (deoxyribonucleic acid), hairs, fibers, blood, fingerprints (seen and unseen), footprints (seen and unseen), and other forensic evidence or trace evidence;

3. Any computers, tapes, disks, cellular telephones or other forms of electronic devices, business records, all writings, books, business ledgers, lists, notations, or other memoranda, however recorded or preserved, which evidences or memorializes activities involved in the murder or what precipitated;

4. The download of all data contained in the vehicle's on-board computer systems pertaining to driving (e.g., acceleration, braking, speed), to include any Event Data Recorder (EDR), the Powertrain Control Module (PCM), or any similar devices installed on the vehicle that are used to record the circumstances of a crash or a near crash like conditions, the vehicle's speed, acceleration, braking, deployment of airbags, and used to assist in understanding how the vehicle's systems performed prior to, during, or after the crash. Specific comprehensive downloadable data to be removed from the EDR, PCM, or on-board computer by a qualified technician includes: date and time of event, had/quick stop(s) recording(s) road speed, accelerator position, engine revolutions per minute (RPM), brake and clutch activity, trip recording, seat belt status (buckled/unbuckled), airbag deployment and any specific proprietary crash data;

5. Any and all electronic systems onboard the vehicle that collects, maintains, and/or stores data including but not limited to the vehicle's infotainment and/or telematics devices;

6. Indicia of ownership, use, or occupancy of the vehicle, including such things as ownership documents (e.g., registration, tax records, the title to the vehicle) maintenance records, mail that may have been left in the vehicle, photographs of the owner or occupants of the vehicle, and receipts (such as gas, or liquor receipts); and,

7. Photographs of the interior and exterior of the vehicle;

8. Any clothing which might contain any biological evidence during or after the incident; and,

9. Shoes or other footwear with tread patterns matching patterns located at the original incident location.

which may be located inside of the a Red in Color 2010 Chevrolet HHR 4 door hatchback, VIN 3GNBABDB3AS560612, bearing AZ license plate VTA7AWA.

# UNITED STATES DISTRICT COURT
for the
District of Arizona

In the Matter of the Search of
*(Briefly Describe the property to be searched or identify the person by name and address)*

Red in Color, 2010 Chevrolet HHR 4 door hatchback, VIN 3GNBABDB3AS560612, bearing AZ license plate VTA7AWA

Case No. 23-8053 MB

## APPLICATION AND AFFIDAVIT FOR A SEARCH WARRANT

I, Detective Kyle Weeden, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

**As further described in Attachment A.**

Located in the District of _Arizona_, there is now concealed:

**As set forth in Attachment B.**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
   x evidence of a crime;
   x contraband, fruits of crime, or other items illegally possessed;
   ☐ property designed for use, intended for use, or used in committing a crime;
   ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code/Section | Offense Description |
|---|---|
| 18 U.S.C. §1111 | Murder |

The application is based on these facts:
   **As set forth in Attachment C, incorporated herein by reference.**

   ☒ Continued on the attached sheet.
   ☐ Delayed notice of ___ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Reviewed by AUSA Raynette Logan *RL*
Telephonically Sworn

_____
*Applicant's Signature*

Kyle Weeden, Gila River PD Detective
*Applicant's printed name and title*

Date issued: __2-13-23 11:47AM__

_____
*Judge's signature*

City and State: Phoenix, Arizona

Hon John Z. Boyle, U.S. Magistrate Judge
*Printed name and title*

# Attachment A

## Property to be searched

**Vehicle:** Red in Color 2010 Chevrolet HHR 4 door hatchback, VIN 3GNBABDB3AS560612, bearing AZ license plate VTA7AWA

**Location of vehicle:** FBI Evidence Bay located at 21711 N 7th St Phoenix, AZ 85024





## ATTACHMENT B

## ITEMS TO BE SEIZED

Evidence in the form of:

1. Firearms or other deadly weapons. Ammunition and/or components used in the manufacture of ammunition to include spent shell casings, gun powder, primers, and bullets. Holsters, cases, or boxes used to carry or transport firearms or ammunition, and or any receipts or photographs detailing the purchase or ownership of any of the aforementioned items;

2. DNA (deoxyribonucleic acid), hairs, fibers, blood, fingerprints (seen and unseen), footprints (seen and unseen), and other forensic evidence or trace evidence;

3. Any computers, tapes, disks, cellular telephones or other forms of electronic devices, business records, all writings, books, business ledgers, lists, notations, or other memoranda, however recorded or preserved, which evidences or memorializes activities involved in the murder or what precipitated;

4. The download of all data contained in the vehicle's on-board computer systems pertaining to driving (e.g., acceleration, braking, speed), to include any Event Data Recorder (EDR), the Powertrain Control Module (PCM), or any similar devices installed on the vehicle that are used to record the circumstances of a crash or a near crash like conditions, the vehicle's speed, acceleration, braking, deployment of airbags, and used to assist in understanding how the vehicle's systems performed prior to, during, or after the crash. Specific comprehensive downloadable data to be removed from the EDR, PCM, or on-board computer by a qualified technician includes: date and time of event, had/quick stop(s) recording(s) road speed, accelerator position, engine revolutions per minute (RPM), brake and clutch activity, trip recording, seat belt status (buckled/unbuckled), airbag deployment and any specific proprietary crash data;

5. Any and all electronic systems onboard the vehicle that collects, maintains, and/or stores data including but not limited to the vehicle's infotainment and/or telematics devices;

6. Indicia of ownership, use, or occupancy of the vehicle, including such things as ownership documents (e.g., registration, tax records, the title to the vehicle) maintenance records, mail that may have been left in the vehicle, photographs of the owner or occupants of the vehicle, and receipts (such as gas, or liquor receipts); and,

7. Photographs of the interior and exterior of the vehicle;

8. Any clothing which might contain any biological evidence during or after the incident; and,

9. Shoes or other footwear with tread patterns matching patterns located at the original incident location.

which may be located inside of the a Red in Color 2010 Chevrolet HHR 4 door hatchback, VIN 3GNBABDB3AS560612, bearing AZ license plate VTA7AWA.

# ATTACHMENT C

# AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Kyle Weeden, a Detective with the Gila River Police Department being duly sworn, depose and state as follows:

## INTRODUCTION

The facts of this case, as more fully detailed herein, are that on or about January 31, 2023, within the confines of the Gila River Indian Community ("GRIC"), within the District of Arizona, an unknown suspect (hereinafter referred to as SUSPECT), killed V.C., thereby violating federal law by committing 1st Degree Murder, in violation of Title 18, United States Code, §§ 1153 and 1111. I make this affidavit in support of an application for a warrant to search for evidence in the form of any Firearms or Firearm related item, DNA (deoxyribonucleic acid), articles of clothing, or electronic devices which may be located inside the Red in Color 2010 Chevrolet HHR 4 door hatchback, VIN 3GNBABDB3AS560612, bearing AZ license plate VTA7AWA (TARGET VEHICLE), which is further described in Attachment A. The items to be searched for and seized are further described in Attachment B.

## PRELIMINARY BACKGROUND INFORMATION

1. Your affiant is a graduate of the Northern Arizona Regional Training Academy located in Prescott, AZ. Your affiant has been employed with the Gila River Police Department since February 2018. Your affiant is currently assigned to the GRPD Violent Crime Unit and has primary investigative responsibility in Indian Country matters, to include violent crimes, such as homicide, armed robbery, and aggravated assaults.

2. I have been trained in various aspects of law enforcement, including searching and seizing of weapons and other property. In addition, I have been involved in numerous investigations in which weapons and other property containing DNA have been seized, searched, and forensically examined.

1

3. I have obtained a Special Law Enforcement Commission through the Bureau of Indian Affairs. As such, I am a law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7) and am thereby authorized to execute arrest and search warrants under the authority of the United States.

4. The statements contained in this Affidavit are based on information derived from my personal knowledge, training and experience, and information obtained from the knowledge and observations of other sworn law enforcement officers, either directly or indirectly through their reports or affidavits. Because this Affidavit is being submitted for the limited purpose of establishing probable cause for the requested warrant, I have not set forth all of the relevant facts known to law enforcement officers. I have set forth facts I believe are necessary to establish probable cause to believe evidence of a violation of Title 18, United States Code, §§ 1153 and 1111 is located in a Red in Color 2010 Chevrolet HHR 4 door hatchback, VIN 3GNBABDB3AS560612, bearing AZ license plate VTA7AWA, more fully described in Attachment A, for items listed in Attachment B.

5. This Court has jurisdiction over these offenses under 18 U.S.C. § 1153 because the below-described events occurred on the GRIC, a federally recognized tribe. V.C. is not an enrolled member of a federally recognized tribe, and the SUSPECT is unknown.

## DETAILS OF INVESTIGATION

6. On January 31, 2023, at approximately 0030 hours, Gila River Police Department (GRPD) officers were dispatched to 6575 W. Sundust Road Chandler, AZ (within the exterior boundaries of the Gila River Indian Community) for a report of a man down. The Gila River Public Safety Dispatch (Dispatch) advised they received a report of a male subject parked in a vehicle at the end of Sundust Road, slumped over the wheel, which had been located by the reporting party (RP). Officers arrived on scene and observed a red 4 door hatchback parked at the end of a deadend road in front of a large semi-

2

truck. Officers approached the vehicle and observed the front driver side window was fully broken with a large amount of the glass on the outside of the vehicle. As officers approached the vehicle, they observed what appeared to be a male subject in the driver seat slumped over the wheel with blood running down the side of his face. Officers also observed a spent bullet casing on the front passenger side of the vehicle on the ground and several spent casings inside the vehicle on the floorboard. Based on the officers' observations, they were able to determine the male subject, later identified as V.C. was deceased with no hope of revival.

7. The officers made contact with the reporting party who provided them with a brief statement and was asked to remain on scene until investigators could speak with him. After speaking with the truck driver, the officers secured the crime scene with crime scene tape and maintained security of the scene until the investigative team, consisting of GRPD Detectives, GRPD Crime Scene Specialists (CSS) and FBI Special Agents (SA) could arrive on scene.

8. Once the investigative team arrived, they began the investigation by conducting an initial walkthrough of the scene. While walking through the scene, investigators observed a Red in Color 2010 Chevrolet HHR 4 door hatchback, VIN 3GNBABDB3AS560612, bearing AZ license plate VTA7AWA, parked at the end of a deadend road. The front driver window was fully broken exposing the interior of the cab. The front driver seat was occupied by a male subject, later identified as V.C., who was deceased. While further examining V.C., investigators observed what appeared to be multiple puncture wounds to V.C.'s head consistent with gunshot wounds. Investigators observed a total of 6 spent shell casings laying inside the vehicle, as well as a hole in the driver side front door consistent with a gunshot. While examining V.C further from the exterior of the car, investigators observed an intact bullet lodged in V.C's clothing. The bullet had multiple striation markings indicating it had been fired from a gun. While examining the scene, investigators noted all of the doors to the vehicle were unlocked, closed with the

3

windows rolled up, and (with the exception of the front driver door) were undamaged. Investigators also observed a single spent shell casing on the exterior of the front passenger door. All of the spent shell casings located by investigators were identified as .40 caliber rounds.

9. After conducting the walkthrough of the crime scene, CSS began processing the scene while the detectives spoke with the RP. The RP was identified as J.B., and he provided the following in summary. J.B. was a truck driver with the JETT trucking company and had picked up a shipment for transport in Phoenix. J.B. was reaching the limit on the amount of time he could drive in a single day, so he started searching for a place to park and sleep. Since there was no room in the nearby Loves Truck stop parking, J.B. drove east on West Sundust Rd. to search for an empty area to park. When J.B. reached the deadend portion of the road, he observed a red hatchback parked in the turn around. J.B. also noticed multiple no parking signs along the road and pulled into the turnaround to leave and search for a new area. J.B. was unable to maneuver around the red hatchback so he stopped directly behind the vehicle and honked his horn.

10. After receiving no response or signs of movement from the vehicle, J.B. exited the cab of his truck and approached the vehicle. When J.B. got closer to the vehicle, he observed broken glass on the ground and noticed the driver side window was damaged. J.B. positioned himself to look into the cab approximately 2 to 3 feet away and observed V.C. seated in the driver's seat slumped over the wheel. J.B. stated he noticed blood running down the side of V.C.'s face and believed V.C. to be dead. J.B. quickly went back to his vehicle to get back into the cab. While getting back into his vehicle, J.B. stated he observed a "shadowy figure" exiting a bush along the edge of the desert north of his vehicle. The shadowy figure ran north disappearing along a back alley leading to another road. J.B. backed his truck away from the red hatchback and called 911.

11. After speaking with J.B., the investigators finished processing the scene. Once the

4

investigators were finished with the scene, they contacted Elite Towing to transport the vehicle to the FBI Evidence bay located at 21711 N 7th St., Phoenix, AZ while being followed by FBI S.A. Dan Baker. The Maricopa County Medical Examiner's office was also contacted and responded to retrieve V.C.'s body. After completing the initial investigation, the investigative team cleared the area.

12. Based on your affiant's training and experience, I know the search of the TARGET VEHICLE, may yield evidence to support criminal violations, such as: (a) clothing, hair, fibers, and/or DNA; (b) firearms, ammunition; (c) any electronic devices, to include cellular telephones left in the vehicle; and (d) Any and all electronic systems onboard the vehicle that collects, maintains, and/or stores data including but not limited to the vehicle's infotainment and/or telematics devices. Your affiant seeks, (A) To search the TARGET VEHICLE, including a search of both the interior, exterior, and the mechanical/electronic components of the vehicle; (B) The download of all data contained in the vehicle's on-board computer systems pertaining to driving (e.g., acceleration, braking, speed), to include any Event Data Recorder (EDR), the Powertrain Control Module (PCM), or any similar such devices installed on the vehicle that are used to record the circumstances of a crash or a near crash-like condition, the vehicle's speed, acceleration, braking, deployment of airbags, and used to assist in understanding how the vehicle's systems performed prior to, during, or after the crash described above. Specific comprehensive downloadable data to be removed from the EDR, PCM, or on-board computer by a qualified technician includes: date and time of event, hard/quick stop(s) recording(s), road speed, accelerator position, engine revolutions per minute (RPM), brake and clutch activity, trip recordings, seat belt status (buckled/unbuckled), airbag deployment, and any specific proprietary crash data; (C) The vehicle may be equipped with an infotainment system which is installed within the center console/dashboard. These systems are designed to store a vast amount of data which includes recent destinations, favorite locations, call logs, contact lists, SMS messages, emails, pictures, videos, social media feeds, and the navigation

history of everywhere the vehicle has traveled. These systems may also record events such as the activation and de-activation of the vehicle's headlights, the opening and closing of doors at a specific location, and the location of the vehicle at the time Bluetooth devices are connected. This data will be acquired to assist law enforcement during their investigation.

## CONCLUSION

12. Based on the aforementioned factual information, I respectfully submit that there is probable cause to believe that evidence described in Attachment B, is located in the area fully described in Attachment A, which will support an investigation related to a violation 18 U.S.C. § 1153 and 1111. This affidavit was sworn telephonically before a United States Magistrate Judge legally authorized to administer an oath for this purpose.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 2-13-23

Kyle Weeden
Detective, Gila River PD

Subscribed and sworn to before me this 13th day of Feb, 2023.

Honorable John Z. Boyle
United States Magistrate Judge
District of Arizona